**Rodney G. HAWORTH, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3059.**

United States Court of Appeals, Federal Circuit.

May 8, 2001.

Rehearing en Banc Denied June 14, 2001.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Rodney Haworth appeals from an order of the Merit Systems Protection Board, in which the Board upheld the decision of the Office of Personnel Management (OPM) denying his request for a supplemental retirement annuity and an increased life insurance benefit based on four years of reemployment service. Because Mr. Haworth was an intermittent employee during the four-year period of his reemployment service and because intermittent employees are excluded from retirement coverage, we *affirm*.

## BACKGROUND

Mr. Haworth retired from his position as an Administrative Law Judge with the Social Security Administration (SSA) in October 1989 after 30 years of federal service. Since his retirement, Mr. Haworth has received a retirement annuity without interruption. On June 1, 1993, Mr. Haworth was reemployed by SSA as a Senior Administrative Law Judge. Mr. Haworth's appointment was to an intermittent position, i.e., a non-full-time position without a prescheduled regular tour of duty. 5 C.F.R. § 837.102. As the position was a temporary position created "due to workload imbalances," the appointment was limited to one year or less. However, Mr. Haworth was reappointed to the same position annually until his termination on May 31, 1998. Mr. Haworth was notified that each of his appointments was an intermittent appointment. He was also notified that he was ineligible for leave and that his annual salary was to be reduced by the amount of his retirement annuity.

Following his termination, Mr. Haworth applied to OPM for a supplemental retirement annuity and for an increased life insurance benefit based on his reemployment service from June 1, 1993, to June 5, 1997. OPM denied his application, stating that because intermittent or WAE ("when actually employed") employment is not full-time or part-time service, it is not creditable for purposes of establishing a supplemental annuity or an increased life insurance benefit. Mr. Haworth sought reconsideration, arguing that he actually worked on a full-time (or at minimum, a part-time) basis. Mr. Haworth also raised new claims that he had been improperly classified as an intermittent employee, that for that reason his pay should not have been reduced by the amount of his retirement annuity, and that he should have been awarded credit for leave and federal

holidays. OPM affirmed its initial denial, citing 5 C.F.R. § 837.503 and reiterating that "[b]ecause your reemployment was all intermittent service, it is not creditable for a supplemental annuity." OPM did not address Mr. Haworth's new claims.

Mr. Haworth appealed to the Board. In an initial decision, the administrative judge first noted that Mr. Haworth's new claims—that SSA had improperly classified him as an intermittent employee, that it had improperly failed to compensate him for leave and holidays, and that it had improperly offset his salary by the amount of his retirement annuity—were not properly before the Board. The administrative judge then concluded that Mr. Haworth had failed to show by a preponderance of evidence that he was entitled to the supplemental retirement annuity. Applying 5 C.F.R. § 837.503, the administrative judge found that Mr. Haworth was not eligible for an increased annuity or life insurance benefits because he had not shown that his employment at any time during the four-year period of his intermittent service was equivalent to one year of actual, continuous, full-time service. The full Board denied Mr. Haworth's petition for review of the initial decision, which therefore became the decision of the Board.

## DISCUSSION

Mr. Haworth contends that OPM's denial of his application was arbitrary and capricious because OPM did not have access to his payroll and time records. However, Mr. Haworth did not submit his payroll and time records to OPM for its consideration. Moreover, those records were not relevant to his application for a supplemental annuity and increased life insurance benefit. Such benefits are not generally available to intermittent employees, regardless of the total number of hours they actually work. *See* 5 U.S.C.

§ 8347(g); 5 C.F.R. § 831.201(a)(2). OPM (and the Board) had access to the most relevant evidence, Mr. Haworth's Standard Form (SF) 50s, which indicated that he had been appointed to a series of intermittent positions beginning June 1, 1993, and ending May 31, 1998. As an intermittent employee, Mr. Haworth was not entitled to a supplemental annuity or increased life insurance benefit.

The specific regulation governing supplemental annuities confirms that reemployed annuitants who serve as intermittent employees do not qualify for this benefit:

> (a) A reemployed annuitant is entitled, on separation, or conversion to intermittent service, to a supplemental annuity if—
>
> > (1) The annuitant performed—
> >
> > > (i) At least 1 year of actual, continuous, full-time service;
> > >
> > > (ii) Actual, continuous part-time service equivalent to 1 year of actual full-time service; or
> > >
> > > (iii) A combination of part-time and full-time actual, continuous service that is equivalent to 1 year of actual full-time service; . . .

5 C.F.R. § 837.503. This provision makes clear that a reemployed annuitant cannot earn a supplemental annuity based on intermittent service since the service that entitles an employee to a supplemental annuity ends "on separation or conversion to intermittent service." *See also* 5 U.S.C. § 8468(a) & (b)(1)(A) (exempting reemployed annuitants whose "appointment is on an intermittent basis" from pay deductions for the retirement fund and providing that only reemployed annuitants who are "subject to deductions" qualify for an increased annuity based on the period of reemployment). In addition, "actual service" is defined as "the period of time

during which an annuitant is reemployed, excluding periods of separation and non-pay status," 5 C.F.R. § 837.102, and "continuous service" is defined as "reemployment without a period of separation from service, *or conversion to intermittent status*, of more than 3 days," 5 C.F.R. § 837.102 (emphasis added). Thus, intermittent service may be "actual service," but it is not "continuous service." Both actual and continuous service are necessary to qualify for a supplemental annuity. Finally, the regulations clearly distinguish full-time and part-time service from intermittent service on the ground that intermittent service does not involve a pre-scheduled regular tour of duty. Thus, equating full-time service or part-time service with intermittent service would be inconsistent with the regulatory framework.

▆ Alternatively, Mr. Haworth contends that OPM should have looked behind his intermittent appointment to determine whether he was in fact a full-time or part-time employee for purposes of calculating any supplemental annuity. Mr. Haworth relies on *Dove v. United States*, 161 Ct.Cl. 768 (1963), for this proposition. However, the regulation at issue in *Dove* expressly invited an inquiry into whether the intermittent employee served as a full-time employee, and it authorized retirement credit for such service for purposes of calculating an initial retirement annuity (as opposed to a supplemental annuity). Because the Civil Service Commission (OPM's predecessor) had failed to follow its own regulations, the Court of Claims held that the intermittent employee was entitled to retirement credit as if he had been a full-time employee during the relevant period. Mr. Haworth can point to no regulation inviting a similar inquiry in this case. In fact, as we have noted, the regulations pertinent to calculating a supplemental annuity expressly or implicitly exclude inter-

mittent employees. *See* 5 C.F.R. §§ 831.201(a)(2) & 837.503. Moreover, the usual rule in federal employment law is that "one is not entitled to the benefit of a position until he has been duly appointed to it." *United States v. Testan*, 424 U.S. 392, 402, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Mr. Haworth was not appointed to a full-time or part-time position; he was appointed to an intermittent position, and therefore he is not entitled to the benefits of a full-time or part-time position. For the same reason, we reject Mr. Haworth's claim that, because he was improperly classified as an intermittent employee, he is owed back pay for leave and holidays during the period of his employment.

Finally, Mr. Haworth challenges the provision requiring that his salary be offset by an amount equal to the annuity allocable to the period of his actual employment. *See* 5 U.S.C. § 8344. This issue is not properly before the Board. The Board has jurisdiction to hear Mr. Haworth's appeal only because OPM's determination that Mr. Haworth was not entitled to a supplemental annuity or increased life insurance benefit affected Mr. Haworth's rights or interests under the Civil Service Retirement System. *See* 5 U.S.C. § 8347(d); 5 C.F.R. § 1201.3(a)(6). Mr. Haworth's challenge to the offset provision does not affect Mr. Haworth's rights or interests under the Civil Service Retirement System. Mr. Haworth is not contending that he did not receive his annuity during the relevant time frame or that the amount of his annuity was somehow miscalculated. The Board therefore correctly ruled that it lacked jurisdiction to consider this argument.